## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRI SALVADOR GUTIERREZ<br>A/K/A "PERVERSO" | Case No. 18-cr-10450-MLW-2 |

### <u>OPPOSITION TO MOTION TO DISMISS INDICTMENT</u>

The United States opposes the Motion to Dismiss the Indictment, Docket No. 133 ("Motion") filed by defendant Henri Salvador Gutierrez a/k/a Perverso.  The Motion raises a host of alleged defects in the pending First Superseding Indictment, Docket No. 83 ("FSI," or, to mirror the description in the Motion, simply the "Indictment").

Defendant's arguments for dismissal of the Indictment range from an argument that the MS-13 enterprise had an insufficient effect on interstate or foreign commerce to an argument that there is a lack of federal jurisdiction because the alleged racketeering activity by Salvador Gutierrez and others did not comprise federal offenses.

The defendant's arguments do not survive scrutiny or support the dismissal he seeks.  At best, the defendant raises arguments about the sufficiency of the evidence, which the Court cannot address at the motion to dismiss stage without holding evidentiary hearings to resolve factual disputes that are matters for trial.  The defendant is free to raise any challenge to the sufficiency of the evidence at the close of the government's case at trial.  At this stage of the proceedings, when the law requires that the Court treat the allegations in a well-plead indictment to be true for purposes of deciding a motion to dismiss, the Court should **<u>DENY</u>** the defendant's Motion to dismiss.

1

## I.     The Pending Indictment Alleges a RICO Conspiracy in Violation of 18 U.S.C. § 1962(d) and Mirrors the Relevant Statutory Language.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "An indictment that tracks the language of the underlying statute generally suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty." *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010) (citations omitted). *See also United States v. Wells,* 766 F.2d 12, 22 (1st Cir. 1985) ("Viewed in its entirety, an indictment is sufficient if it describes all of the elements of the charged offense using the words of the relevant criminal statute.").

Given that framework, before turning to the merits of the defendant's arguments to dismiss, it may be helpful to summarize the pending Indictment, which charges all six defendants, including Salvador Gutierrez, with one count of conspiracy to conduct enterprise affairs through a pattern of racketeering activity, also known as RICO or racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). *See* Indictment, Count One.

### A.  The Alleged Enterprise and Racketeering Conspiracy

The Indictment alleges that the defendants engaged in RICO conspiracy on behalf of the enterprise known as La Mara Salvatrucha or MS-13. *Id.* at ¶¶ 1-7. MS-13 is a "*national and international criminal organization*" with thousands of members, and "*the leadership of MS-13 is based in El Salvador*, with local leaders in the United States." *Id.* at ¶ 2 (emphasis added). In short, "MS-13, including its leadership, membership and associates, constituted an 'enterprise' as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact." *Id.* at ¶ 7.

The Indictment alleges that, "Beginning in approximately 2006, and continuing until the present," in various parts of Massachusetts, each of the defendants and others, "being persons employed by and *associated with MS-13, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce,* did knowingly conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5)." *Id.* at ¶ 9 (emphasis added).

The Indictment includes language that mirrors the relevant sections of the RICO statute. *Compare* Indictment, ¶ 9 *with* 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or *associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce*, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.") (Emphasis added).

## B.  The Alleged Pattern of Racketeering Activity

The Indictment provides notice not only of the RICO conspiracy charge in general, but also provides notice of the subsections under RICO that the government may rely upon to prove the pattern of racketeering activity. Specifically, the Indictment alleges that the "pattern of racketeering activity" consisted of (a) "acts involving murder," in violation of various Massachusetts state laws, (b) "acts involving tampering with a witness, victim, or informant," in violation of 18 U.S.C. § 1512; (c) "acts involving retaliation against a witness, victim, or informant," in violation of 18 U.S.C. § 1513; (d) "acts involving trafficking in controlled substances," in violation of 21 U.S.C. §§ 846 and 841; and (e) "acts

involving the possession and use of false identification documents," in violation of 18 U.S.C. § 1028.  Indictment, ¶ 10.

Each of the alleged categories of racketeering activity is part of the statutory definition of "racketeering activity" under RICO.  In relevant part, 18 U.S.C. § 1961 states:

> As used in this chapter—
> (1) "racketeering activity" means
>    (A) *any act or threat involving murder ... which is chargeable under state law* and punishable by imprisonment for more than one year;
>    (B) *any act* which is indictable under any of the following provisions of title 18, United States Code:
>    *... section 1028* (relating to fraud and related activity in connection with identification documents);
>    *... section 1512* (relating to tampering with a witness, victim, or an informant);
>    *... section 1513* (relating to retaliation against witness, victim, or an informant);
>    (C) ...
>    (D) *any offense involving ... the buying, selling, or otherwise dealing in a controlled substance*...(as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States[.]

(Emphasis added.)  Thus, the Indictment alleges a conspiracy to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity (*i.e.*, a violation of 18 U.S.C. § 1962(d)), with notice of the types of acts specifically set forth in the statute's definition of "racketeering activity."  *See* 18 U.S.C. § 1961.

### C. The Alleged Sentencing Enhancement for Murder

Under 18 U.S.C. § 1963, the penalty provision of RICO, "whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (*or for life if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment*)[.]"  (Emphasis added.)

The Indictment puts Salvador Gutierrez and all co-defendants except Djavier Duggins on notice that their maximum penalty upon conviction is life in prison because their RICO conspiracy included racketeering activity for which the maximum penalty includes life imprisonment, specifically, murder under Massachusetts state law. Paragraph 13(a) alleges that "On or about July 30, 2018, in Lynn, Massachusetts, [Salvador Gutierrez and the other listed individuals], acting deliberately with premeditated malice aforethought, and with extreme atrocity and cruelty, murdered Herson Rivas, in violation of M.G.L. c. 265, § 1." Paragraph 13(b) alleges that "On or about July 30, 2018, in Lynn, Massachusetts, [Salvador Gutierrez and the other listed individuals], unlawfully killed Herson Rivas with malice aforethought, in violation of M.G.L. c. 265, § 1."

As defined in M.G.L. c. 265, § 1, the Massachusetts statute regarding murder, "murder committed with deliberately premeditated malice aforethought, or with extreme atrocity or cruelty … is murder in the first degree.  Murder which does not appear to be in the first degree is murder in the second degree."  Paragraph 13 of the Indictment thus provides notice that the murder of Herson Rivas was either murder in the first degree (*i.e.*, with premeditated malice aforethought or extreme atrocity and cruelty, as alleged in paragraph 13(a)) or murder in the second degree under (*i.e.*, otherwise unlawful with malice aforethought, as alleged in paragraph 13(b)).

Under Massachusetts law, the penalty for murder in the first degree is life in prison *without* the possibility of parole and the penalty for murder in the second degree is life in prison *with* the possibility of parole.  M.G.L. c. 265, § 2.  Thus, given that *either* degree of murder is punishable by life in prison, if the jury finds Salvador Gutierrez or another defendant responsible for even second-degree murder under Massachusetts law, he

would be punishable for RICO conspiracy by up to life in prison because the violation would include "racketeering activity for which the maximum penalty includes life imprisonment." *See* 18 U.S.C. § 1963 (increasing the statutory maximum for a RICO violation from 20 years to life in prison if it is based on racketeering activity that is punishable by life in prison).

## II.     The Defendant's Motion to Dismiss the Pending Indictment.

Facing indictment for RICO conspiracy in violation of 18 U.S.C. § 1962 et seq., and facing an enhanced penalty of up to life in prison, as summarized above, Salvador Gutierrez has filed a motion to dismiss the pending Indictment.  (D. 133)  In his Motion, Salvador Gutierrez raises five grounds for dismissal, *see* Motion at pp. 1-2, which are then interspersed and discussed at various lengths throughout the rest of his Motion.

When distilled to its core, the Motion centers on two themes:  (1) an argument that the alleged offense does not have a sufficient nexus to interstate or foreign commerce; and (2) an argument that there is a lack of federal jurisdiction because the indictment does not allege a federal crime and the government cannot sustain a conviction for RICO conspiracy.  As demonstrated below, neither category of complaints supports dismissal of the Indictment.  The defendant's arguments are without merit and cannot support the relief he seeks, at least at the motion to dismiss stage.  Each of the defendant's five grounds for relief are addressed in turn below, *see infra* at Section IV.

## III.    The Legal Standards Applicable to a Motion to Dismiss.

"In the normal course of events, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits." *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) (citations omitted).  Fed. R. Crim. P. 12(b)(3) allows a defendant to make a pretrial motion challenging a defective indictment.   Dismissal of an indictment,

however, is an extraordinary step that is reserved for extremely limited circumstances. "Because the public maintains an abiding interest in the administration of criminal justice, dismissing an indictment is an extraordinary step." *Stokes,* 124 F.3d at 44.  *See also Whitehouse v. United States Dist. Court,* 53 F.3d 1349, 1359 (1st Cir. 1995) ("When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances.").

 "An indictment is legally sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Laureano-Perez*, 797 F.3d 45, 60 (1st Cir. 2015) (citations and internal quotations omitted); *see also United States v. Stepanets*, 879 F.3d 367, 372 (2018) ("[A]n indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet.").

"At the indictment stage, the government need not 'show,' but merely must 'allege,' the required elements."  *United States v. Stewart*, 744 F.3d 17, 21 (2014).  For purposes of a motion to dismiss, "the indictment's allegations are assumed to be true, and 'courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations.'" *Id.* (citing *United States v. Guerrier,* 669 F.3d 1, 3–4 (1st Cir. 2011)).

## IV.   **None of the Defendant's Arguments Support Dismissal of the Indictment at This Stage of the Proceedings.**

Defendant's Motion raises a mishmash of arguments that the Court can easily dispose of, at least given the law that applies at the motion to dismiss stage of the

proceedings.  To the extent that the defendant complains about the sufficiency of the evidence, those arguments are not a proper basis to dismiss an indictment at this stage. To the extent that the defendant complains about the court's lack of jurisdiction, those arguments are meritless given blackletter law on RICO.

The Motion leads off by listing five grounds for dismissal, *see* Motion at pp. 1-2, but the argument section of the defendant's Motion jumps around between the defendant's various complaints and does not delineate them clearly.  To ensure that the government addresses each of the defendant's stated grounds for relief, the government recites each of the defendant's five stated grounds and responds to each in turn.[1]

### A. The Argument Regarding the Insignificant Effect on Foreign and Interstate Commerce Does Not Support Dismissal.

As his first ground for relief, the defendant argues:

> 1. The effect that the enterprise described in the indictment [La Mara Salvatrucha a/k/a MS-13 criminal organization (herein "MS-13")] has on foreign commerce with the United States is so insignificant and unanchored to United States commerce that this RICO violation cannot be sustained.

Motion, p. 1.

---

[1]    The organizational structure of this Opposition is the government's attempt to address the defendant's myriad overlapping arguments in a manner that may be helpful to the Court.  To the extent that this Opposition does not address certain sub-arguments or certain cases mentioned in the Motion, it is because the law does not support the defendant's arguments, and more broadly, the defendant's arguments do not support his request to dismiss the indictment.  Further, a number of the defendant's arguments are based on factual disputes that cannot be resolved in a pretrial motion to dismiss.

Given that a motion to dismiss that is based on intertwined factual and legal disputes is not amenable to a final ruling before trial, the government's decision not to respond to every tangential argument and factual dispute raised in the Motion should not be viewed as a concession that the government agrees with any summary of the evidence that was not squarely addressed herein.  As demonstrated by the law cited in this opposition, a motion to dismiss is not the appropriate vehicle to litigate factual disputes.

A plain reading of the defendant's first argument makes clear that at its core, this is an argument about the insufficiency of the evidence.  In short, the defendant argues that the government cannot prove the requisite effect on foreign or interstate commerce, and thus, cannot sustain a RICO conviction in this case.  This Court should deny this argument at this stage of the proceedings, and the defendant invites error by asking the Court to do otherwise.  *See, e.g., United States v. Stepanets*, 879 F.3d 367 (2018) (reversing District Court's dismissal of an indictment that was legally sufficient and holding that dismissal was improper without a trial on the merits).

Although cases abound that outline the same principles, the First Circuit's recent discussion in *Stepanets* about the guiding legal principles to keep in mind in deciding a motion to dismiss is instructive.  "[A]n indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet."  *Stepanets*, 879 F.3d at 372 (citing Supreme Court and First Circuit authority on this blackletter principle).

Here, not only is the pending Indictment legally sufficient, but it also tracks the statutory language on the foreign or interstate commerce element.  *Compare, e.g.,* Indictment, ¶ 9 (alleging that the defendants were "... employed by or associated with MS-13, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce ...") *with* 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to ...").

As the First Circuit has cautioned, "courts must not inquire into the sufficiency of the evidence underlying the indictment—for when 'a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence

to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *Stepanets*, 879 F.3d at 372 (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012)).  "And definitely keep in mind that a court must deny a motion to dismiss if the motion relies on disputed facts." *Id.* (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)).

Here, the most the defendant can do at this stage is argue that he disputes that the MS-13 enterprise effected foreign or interstate commerce to the degree needed to sustain a conviction.  A motion to dismiss based on such disputed facts must be denied.  *See id.* *See also United States v. Doherty*, 867 F.2d 47 (1989) (rejecting a sufficiency of the evidence challenge on interstate commerce grounds in affirming RICO conviction because "RICO requires no more than a slight effect on interstate commerce"; further affirming district court's prior denial of a motion to dismiss because even though the indictment only alleged the effect on commerce in general terms, "such general language is legally sufficient"); *United States v. Deicidue*, 603 F.2d 535, 547 (5th Cir. 1979) (rejecting challenge that indictment cited the interstate effect in conclusory terms and finding no error because "The indictment charged interstate commerce effect in the RICO conspiracy [offense using] the language of the statute itself, a practice which generally guarantees sufficiency if all required elements are included in the statutory language.").

### B. The Argument Regarding the Lack of Federal Jurisdiction on Interstate Commerce Grounds Does Not Support Dismissal.

As his second ground for relief, the defendant raises a variation of the same argument, this time claiming that the lack of effect on interstate commerce not only means that a conviction cannot be sustained, but also means that there is a lack of federal jurisdiction over the matter:

       2.  A lack of federal jurisdiction. The crime alleged does not affect interstate commerce, directly or indirectly as intrastate activity which exerts a substantial effect on interstate commerce.

Motion, p. 2.   This argument is similarly without merit, ignores First Circuit law applicable to a motion to dismiss, and misstates the effect that the enterprise must have on interstate commerce.

For all the reasons discussed in the prior section, the Court need not struggle much with this argument for dismissal either.  Despite its various flavors, the argument raised by the defendant regarding the commerce clause is little more than a sufficiency of the evidence challenge arguing that the enterprise does not adequately affect interstate commerce. To the extent that this second ground also weaves in some type of jurisdictional argument into the mix, that argument similarly fails.  For example, in its *Stepanets* decision, discussed above, the First Circuit also cited *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011) for the proposition that courts "routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations."  *Guerrier* is also instructive, not just on the sufficiency of the evidence point, but also on the related jurisdictional argument.

In *Guerrier*, the defendant moved pretrial to dismiss an indictment charging a Hobbs Act violation on interstate commerce grounds, arguing that the government had produced no evidence that "his acts had affected interstate commerce, leaving them unable to satisfy the Act's jurisdictional prerequisite—or so he claimed."  669 F.3d at 3. As the First Circuit noted, "The district judge made quick work of Guerrier's motion, denying it in a margin order." *Id.*  The First Circuit similarly made quick work of this

argument on appeal, holding that "our review of this legal issue convinces us that the judge got the matter exactly right." *Id.*

In affirming the denial of the motion to dismiss, the court in *Guerrier* stated what is equally true here—the defendant's "attempt to sink a facially valid indictment with a motion to dismiss that targets the strength of the government's *evidence* misfires." 669 F.3d at 3 (emphasis in original). "What counts in situations like this are the charging paper's *allegations,* which we must assume are true." *Id.* at 3-4 (emphasis in original). Here, the pending Indictment properly alleges the requisite effect on interstate commerce and the Court must assume the allegations are true. *See id.* Nothing more is needed to reject the defendant's commerce clause arguments for dismissal.[2]

Finally, although not necessary to resolve the pending motion, the government notes that the defendant's arguments on the commerce clause point—which are littered across more nearly two dozen pages of his motion, *see* Motion at pp. 2, 4-7, 11-13, 15-19, 23-27—appear to misstate the effect on interstate or foreign commerce that the government must prove at trial. The defendant repeatedly points to a failure to prove a *substantial* effect on interstate commerce. *See, e.g.* Motion at p. 2 ("The crime alleged does not affect interstate commerce, directly or indirectly as intrastate activity which

---

[2]    In some tangential arguments in the Motion, it is unclear if the defendant is going as far as to raise a broader constitutional challenge that the RICO statute is an unconstitutional exercise of Congress's Commerce Clause powers, and thus, the defendant is actually asking this Court to invalidate the RICO statute as a whole (*i.e.*, raising a facial challenge to the statute). To the extent that the defendant is asking the Court to invalidate the RICO statute in general, the government requests that the Court decline the defendant's invitation to overrule binding precedent and invalidate this important statute. To the extent that the Court is inclined to go down that road, the Court should invite additional briefing from the parties, although the government respectfully submits that this is unnecessary and inadvisable.

exerts a *substantial* effect on interstate commerce.") (Emphasis added).  *See also id.* at p.
17 (pointing to Supreme Court jurisprudence in the 1990s regarding the Commerce
Clause and arguing that the court had limited "the extent of Congress' power over purely
intrastate commercial activities that nonetheless have *substantial* interstate effects—
movement (and type of animation) that the facts presented here solely lack.") (Emphasis
added).  The government does not believe the *substantial* effects test is an accurate
characterization of the law that will apply at trial.  As shown below, a *de minimis* effect is
all that is required, even after *Lopez* and the other commerce clause cases that the
defendant cites throughout his motion.[3]

In *United States v. Marino*, 277 F.3d 11, 34 (2002), the First Circuit squarely
rejected the "substantial effect" test that Salvador Gutierrez consistently references.
Relying on *Lopez* and other cases, the defendant in *Marino* had similarly argued that "the
government had to show that the enterprise's activity had a substantial effect on interstate
commerce."  *Id.*  As the First Circuit held: "That is not so."  *Id.*  "A number of circuit courts

---

[3]     In one notable decision by this Court addressing a motion to dismiss a RICO
indictment prior to trial based on interstate and commerce grounds, this Court correctly
denied the motion.  *See United States v. Salemme*, No. 94-10287 (Wolf, J.) (Jan. 13, 1997)
("The 4SI does state that the alleged Enterprise was engaged in and had activities that
affected interstate and foreign commerce....  Where, as here, the alleged Enterprise is an
association-in-fact formed for illegal purposes, the interstate and foreign commerce
element can be satisfied by proof of the activities of the Enterprise...").

In *Salemme*, the Court "reserve[d] for trial the question of whether the Supreme
Court decision in *United States v. Lopez*, 115 S. Ct. 1624 (1995), alters prior rulings that
only a minimal effect on interstate or foreign commerce must be proven to establish a
RICO offense."  *Id.* at * 4.

In the 2000s, the First Circuit went on to squarely address and provide guidance
on that very issue, holding that even post-*Lopez* and its progeny, a minimal effect on
interstate commerce was sufficient to sustain a RICO conviction.  *See infra.*

have held, post-*Lopez,* that the government does not need to show that the RICO enterprise's effect on interstate commerce is substantial. We agree." *Id.* at 35 (citations omitted) (collecting cases). The First Circuit found no error in the district court's instructions that only "some effect on interstate commerce" was needed to sustain a conviction. *Id.*

In *United States v. Nascimento*, 491 F.3d 25, 37 (2007), the First Circuit further addressed arguments similar to what Salvador Gutierrez now raises, rejecting a commerce clause challenge and further rejecting the notion the government needed to prove a substantial effect on commerce to sustain a RICO conviction. "[T]his court has held, squarely and explicitly, that a de minimis effect on interstate commerce is all that is required to satisfy RICO's commerce element." *Nascimento*, 491 F.3d at 37 (citing *Marino*). Even when applying the relevant legal standards to the activities of a *local Boston street gang* that was wholly engaged in non-economic *intrastate* activity—and here, of course, MS-13 is a *national and international gang* with thousands of members—the First Circuit held in *Nascimento* that a minimal connection between the enterprise's activities and interstate commerce was sufficient. *Id.* at 43-45.

The government highlights the legal standards that will apply to the "interstate or foreign commerce" element to help clarify the law that the government will need to prove at trial. For present purposes, the degree of effect on interstate commerce that the government will need to prove at trial does not matter. Whether the government will need to prove a substantial effect or a minimal effect on interstate commerce, a motion to dismiss is an inappropriate vehicle to raise a challenge on that point. Any such inquiry at this stage would be inextricably intertwined with factual disputes that merit exploration at trial. Regardless of the effect on commerce that the government will ultimately need

to show, the Court cannot determine at the motion to dismiss stage whether the government has enough proof on that point.

In short, the defendant's arguments that there is an insufficient effect on interstate or foreign commerce must be rejected because the Indictment adequately pleads the offense.  No more is needed at this stage.  The allegations in the Indictment are presumed to be true and are not subject to a sufficiency of the evidence trial via a motion to dismiss. The defendant's Motion should be denied.

### C.  The Argument Regarding the Lack of Federal Jurisdiction Because the Conduct Primarily Constitutes a State Offense is Meritless.

As his third ground for relief, the defendant raises another challenge to federal jurisdiction, this time arguing that the alleged offense is primarily a state crime and not a federal crime:

> 3. A lack of federal jurisdiction. The RICO offense alleged (shorn of its jurisdictional gloss) primarily involves a state and not a federal crime;
>    a. The allegation about trafficking in controlled substances lacks a jurisdictional nexus to either the enterprise, the pattern of racketeering activity alleged in the indictment or the conspiracy charged;
>    b. The allegation about possession and use of false identification documents in violation of 18 U.S.C. § 1028 lacks a jurisdictional nexus to either the enterprise, the pattern of racketeering alleged on the indictment or the conspiracy charged.

Motion, p. 2.  This argument is similarly meritless because, among other reasons, it ignores the language of RICO, which specifically includes murder under state law and other types of acts listed in the Indictment as part of its definition of acts that qualify as racketeering activity.  This argument also weaves in sufficiency of the evidence challenges, which is again inappropriate at the motion to dismiss stage.

In setting up this argument, the defendant lists the various types of racketeering acts that the defendants conspired to commit and argues that those acts are better understood as state law crimes, and thus, there is no federal jurisdiction.  This argument borders on the frivolous given the type of racketeering activity alleged (*see* Indictment, ¶ 10) and the statutory definition of "racketeering activity" (*see supra* at Section IB).

For example, as to the allegations that the defendants conspired to commit various acts involving murder, Salvador Gutierrez argues that the murder of Herson Rivas was primarily a murder under state law, and thus, the reference to that murder or to other acts involving murder was inappropriate to include in the pending federal Indictment for RICO conspiracy.  Among other things, the defendant argues, "With due sensitivity for the loss of human life and anguish caused the family of the victim, this is a garden variety murder case."  Motion, p. 25 (further accusing the government of "sprinkling the Indictment with generalizations about La Mara Salvatrucha that conflates the prosecution with various foreign relations problems and obscures the required standard of proof").

Salvador Gutierrez and his co-conspirators from MS-13—a transnational and violent criminal enterprise—lured a teenage boy to a public park, where they repeatedly stabbed and hacked the victim to death because they believed he was disloyal to the gang.  This is not a "garden variety murder case," even if such a concept existed.  However, even assuming arguendo that this was a "typical" murder under state law, the defendant's arguments on this point are still meritless. The RICO statute specifically and unambiguously includes murder under state law as part of its definition of racketeering activity.  Indeed, acts involving murder under state law are quite literally the *first* type of acts listed in the RICO statute's lengthy recitation of what may qualify as racketeering activity:

> As used in this chapter—
> (1) "racketeering activity" means (A) any act or threat involving murder ... which is chargeable under state law ...

18 U.S.C. § 1961(1)(A).  A plain reading of the statute is itself fatal to the arguments that Salvador Gutierrez raises on this point.  Indeed, the very suggestion that the alleged murder "primarily" involves a state crime is an admission that the murder of Rivas was an "act ... involving murder ... which is chargeable under state law."  *See id.*

Defendant's related arguments about the inapplicability of other types of alleged racketeering activity (tampering with a witness, fraud relating to identification documents, etc.) are similarly unavailing and deserve little additional discussion.  Each of the categories of racketeering activity that the defendants are alleged to have conspired to commit is specifically captured by the RICO statute's definition of "racketeering activity."  *Compare* Indictment, ¶ 10 *with* 18 U.S.C. § 1961(1).

The only other point worth mentioning in response to this series of arguments is that even if there was legal merit to these arguments—and there is not—these arguments are again not susceptible to resolution in the defendant's favor at the motion to dismiss stage.  For example, the argument about whether the murder of Rivas was, at its core, a state law offense—or whether there is adequate proof that MS-13 members had conspired to commit acts involving the possession and use of false identification documents, etc.— is an argument that necessarily raises factual issues that cannot be decided on a motion to dismiss.  Whether couched as an argument about the sufficiency of the evidence or otherwise, such an argument provides insufficient grounds to grant a motion to dismiss.  *See supra* Section IVA-B and cases cited therein.

As a fundamental matter, "The problem with [defendant's] argument is that it fails to attack the facial validity of the indictment and instead challenges the government's

substantive case.  An indictment must allege each of the required elements of conspiracy, but the government need not put forth specific evidence to survive a motion to dismiss. *United States v. Ngige*, 780 F.3d 497, 502 (2015) (affirming pretrial denial of motion to dismiss) (citing *Stewart*, 744 F.3d at 21).

"When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *Ngige*, 780 F.3d at 502 (citing *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012). *See also United States v. Upton*, 559 F.3d 3, 11 (1st Cir. 2009) ("Determining the contours of the conspiracy ordinarily is a factual matter entrusted largely to the jury.").

Given the applicable legal principles, the government declines to wade deeper into the factual disputes that Salvador Gutierrez raises about why the actions by members of the conspiracy had an insufficient nexus to foreign or interstate commerce, or why the underlying nature of the co-conspirators' actions cannot otherwise sustain a conviction on the RICO conspiracy charge.  Those are all necessarily fact-specific inquiries.  This series of arguments, like the prior ones, should be rejected.

### D. The Argument for Dismissal Based on the Alleged Crime Failing to Meet the Requirements of RICO is Meritless.

As his fourth ground for relief, the defendant argues:

> 4. The crime charged in the indictment and the predicate offenses contained therein fail to meet the requirements of 18 U.S.C. § 1962(c) & (d), 18 U.S.C. § 1512 or 18 U.S.C. § 1513.

Motion, p. 2.  Again, the Court need not grapple long with this ground.

To the extent that the defendant argues that the government has not adequately *alleged* a violation of RICO conspiracy under 18 U.S.C. § 1962, the defendant's claim necessarily fails given how the Indictment mirrors the relevant statutory text and includes additional allegations to put the defendant on notice of the crime charged.

To the extent that the defendant argues that the government has not adequately *shown* a violation of RICO conspiracy under 18 U.S.C. § 1962, that may be an argument appropriate to raise at the close of the government's evidence at trial, but that is an inappropriate basis to seek a dismissal of the Indictment at this stage. *See, e.g.*, *Stewart*, 744 F.3d at 21 ("At the indictment stage, the government need not 'show,' but merely must allege, the required elements." ... "The indictment's allegations are assumed to be true...").

### E.  The Argument Regarding Failure to Link the Particular Activities Alleged to the MS-13 Enterprise is Meritless.

As his fifth ground for relief, the defendant argues:

> 5. The indictment fails to link the particular criminal activities described at ¶¶ 10, and the manner and means utilized set out at ¶¶13(a) and (b) of the indictment to the means and methods apparently utilized by Henri Salvador Gutierrez and other alleged members of this conspiracy who self-identified with the MS-13 "brand" or "trademark" to economic activity which affected interstate or foreign commerce.

Motion, p. 2.   Again, this argument is unavailing and does not warrant additional discussion given the law discussed above.  There is no requirement to allege some link between the defendant's "particular criminal activities" and some "brand" or "trademark" of the MS-13 enterprise.  The pending Indictment against Salvador Gutierrez and his co-conspirators properly alleges a RICO conspiracy, mirrors the language of the statute to the extent required to provide notice, and no more is needed to call for a trial on the Indictment.  "In the ordinary course of events, a technically sufficient indictment handed

down by a duly empaneled grand jury 'is enough to call for a trial of the charge on the merits.'"  *Guerrier*, 669 F.3d at 4 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956), which explained that the Fifth Amendment's grand-jury guarantee does not give defendants the right to a "preliminary trial to determine the competency and adequacy of the evidence").

## **CONCLUSION**

For the reasons above, this Court should **DENY** the Motion to Dismiss (Docket No. 133).  This denial would be without prejudice to the defendant's ability to raise arguments about the sufficiency of the evidence at trial.

> Respectfully submitted,
>
> ANDREW E. LELLING
> United States Attorney
>
> By: /s/ Kunal Pasricha
> KUNAL PASRICHA
> Assistant United States Attorney
> District of Massachusetts

## **Certificate of Service**

I hereby certify that I am filing this document through the ECF system, which will electronically send a copy to the registered participants as identified on the Notice of Electronic Filing.

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts