## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

HENRI SALVADOR GUTIERREZ
A/K/A "PERVERSO"

Case No. 18-cr-10450-MLW-2

## OPPOSITION TO MOTION FOR BILL OF PARTICULARS

The United States opposes the motion for a bill of particulars filed by defendant Henri Salvador Gutierrez a/k/a Perverso.  *See* Dkt. No. 327.  The motion seeks to compel a bill of particulars on a litany of issues, claiming that the requested information is necessary for the defendant to prepare a defense.  Not so.  The indictment and the discovery provide the defendant with sufficient notice of the charges against him.  No more is needed at this stage, especially not on issues that the government will have no burden to prove at trial.  The motion for a bill of particulars should be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2019, a grand jury returned a Superseding Indictment charging Salvador Gutierrez and five co-defendants with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).  *See* Dkt. No. 83.  Among other things, the Superseding Indictment describes the MS-13 gang (*id.* at ¶¶ 1-5); alleges that Salvador Gutierrez and his co-defendants were leaders, members, or associates of MS-13 (*id.* at ¶ 6); provides notice that "MS-13, including its leadership, membership, and associates, constituted an 'enterprise' as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact" (*id.* at ¶ 7); and alleges that "[t]he enterprise was engaged in, and its activities affected, interstate and foreign commerce."  *Id.*

Salvador Gutierrez filed both a motion to dismiss the Superseding Indictment and a motion to strike surplusage from the Superseding Indictment.  *See* Dkt. Nos. 133 and 134, respectively.  Following briefing and oral argument, the court correctly denied both motions.  *See* Dkt. No. 317 (Aug. 19, 2020 Memorandum and Order); Dkt. No. 339 (Transcript of Aug. 17, 2020 Motion Hearing).

Salvador Gutierrez now moves to compel the government to produce a bill of particulars regarding the Superseding Indictment, claiming that he needs access to 14 different categories of information via a bill of particulars in order to prepare his defense. For the reasons below, the motion should be denied.

## ARGUMENT

## I.    Legal Standards for Indictment and Bill of Particulars

Fed. R. Crim P. 7(c) requires that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  As the First Circuit has held, "indictments need not be infinitely specific," and "in general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense."  *United States v. Sepulveda,* 15 F.3d 1161, 1192 (1st Cir. 1993).

If an indictment fails to convey the basic nature of the charge that a defendant must defend, a defendant may seek that clarity via a bill of particulars.  In analyzing whether a bill of particulars is required, "arbitrary rules as to the necessity of a given averment have no place in the analysis, as the question is whether the indictment as a whole conveys sufficient information to properly identify the allegedly unlawful conduct." *United States v. Hallock,* 941 F.2d 36, 40 (1st Cir. 1991) (internal citation and quotation omitted).

Importantly, "[a] bill of particulars is not a tool of discovery, and its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories." *United States v. Stryker Biotech, LLC*, No. 09-cr-10330, 2010 WL 2900684, at *3 (D. Mass. July 21, 2010) (collecting cases). Further, "because a bill of particulars strictly confines the government's proof at trial within its four corners, judges are reluctant to order particulars which, in their requirement for detail or otherwise, amount to the imposition of a straitjacket on the prosecution. Nor is a bill of particulars a proper means of extracting a résumé of the evidence that the government intends to offer at trial." *United States v. Ackerly*, No. 16-cr-10233, 2017 WL 5484673, at *3 (D. Mass. Nov. 15, 2017) (citations omitted).

Given those general principles, "motions for bills of particular are seldom employed in modern federal practice," and "when pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Sepulveda*, 15 F.3d at 1192–93; *see also United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989) ("The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy.") (collecting cases); *United States v. Dimasi*, 2011 WL 468213, * 4 (D. Mass. Feb. 4, 2011) (citing *Sepulveda* for same legal principle).

None of the concerns cited in *Sepulveda* and other cases are present in this case, and this is not the rare case where a court should compel a bill of particulars. The detailed Superseding Indictment provides adequate notice of the nature of the charges against Salvador Gutierrez and his co-defendants.

Moreover, a bill of particulars is unnecessary when the information sought is available in other sources, such as in discovery or pleadings. *See, e.g., United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.") (internal citation and quotations omitted); *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987) (collecting cases and noting that bills of particulars are inappropriate when the information sought is available "in the indictment or some acceptable alternate form"); *United States v. Liberty*, 19-cr-00030, 2020 WL 1802928, at *1 (D. Me. Apr. 8, 2020) (concluding that "the Government's discovery, combined with the specificity already provided in the Indictment and the Government's Response, is sufficient to allow Defendants to prepare a defense and avoid prejudicial surprise").

In this case, the government has provided significant discovery (and indeed, earlier and broader discovery than may be required under the discovery rules).[1]  No more is needed at this stage, especially given that nearly every single request contained in the defendant's motion relates to issues that the government is not required to prove at trial.

## II.   <u>None of the 14 Requests by the Defendant Require a Bill of Particulars</u>

The Superseding Indictment is sufficient and does not suffer from any legal infirmity.  Moreover, the charging document and the discovery provide adequate notice of the crime charged.  A request-by-request review of the defendant's motion further compels the conclusion that a bill of particulars is not required.  Every single request in

---

[1]      In addition to the indictment and the discovery, information about the nature of the charges has also been made available to the defense through a detailed detention affidavit, statements and descriptions in various pleadings and motion hearings, and numerous written and phone communications between counsel for the government and counsel for the defense.

the motion seeks information that either the government is not required to prove at trial or that is already available to the defendant through the indictment or discovery. The government addresses each request in turn:

Request 1 seeks the "specific dates of the alleged racketeering conspiracy." Paragraph 9 of the Superseding Indictment provides this information: "Beginning in approximately 2006, and continuing until the present...." The grand jury returned the Superseding Indictment on October 2, 2019. Thus, the dates of the alleged racketeering conspiracy were from approximately 2006 through October 2019. The requested information is available to the defense and no bill of particulars is required on this point.

Request 2 seeks "the specific dates during which each defendant was said to become a member of the enterprise and/or racketeering conspiracy, and the precise circumstances under which each defendant joined the alleged enterprise and/or racketeering conspiracy." [2] The government does not need to prove the specific dates during which each defendant joined the enterprise or the conspiracy. Nor does the government need to prove the precise circumstances under which each defendant joined the enterprise or the conspiracy. *See, e.g.*, *Sepulveda*, 15 F.3d at 1191 ("[I]n a unitary

---

[2] Courts routinely deny these types of requests. *See, e.g.*, *Paiva*, 892 F.2d at 153 (finding no error in denial of bill of particulars where defendant made requests similar to many of the requests contained in Salvador Gutierrez's motion). For example, the defendant in *Paiva* requested a bill of particulars on issues such as the "dates upon which the conspiracy began and ended" (similar to request 1 here); "the precise dates upon which he allegedly joined and withdrew from the conspiracy" (similar to request 2 here); "the names of all persons ... with whom he allegedly conspired," "the dates and places these persons joined the conspiracy," and "the locations ... where the members of this conspiracy allegedly conspired" (similar to request 3 here); "all acts, statements and witnesses, including precise dates and locations, upon which the government would rely to prove the existence of [defendant's] involvement in the conspiracy" (similar to request 4 here); specific details about acts, quantities, places, and persons involved in the trafficking of controlled substances (similar to request 5 here); etc.

conspiracy it is not necessary that the membership remain static, or that all members join at the same time, or that a given member know all his fellow coconspirators.") (citations omitted); *United States v. Bello-Perez*, 977 F.2d 664, 668 (1st Cir. 1992) ("What was essential is that the criminal 'goal or overall plan' have persisted without fundamental alteration, notwithstanding variations in personnel and their roles.").   No bill of particulars is required on this point.

Request 3 seeks a litany of details such as dates of telephone or other contacts between members of the conspiracy, the places and dates of meetings involving members of the conspiracy, the substance of communications between members of the conspiracy, etc.  The government does not need to prove any of these details at trial.  No bill of particulars is required on this point.

Request 4 seeks "the date, place and a description of each act taken by the defendants in furtherance of the racketeering conspiracy."  The government does not need to prove any overt or predicate acts in furtherance of the racketeering conspiracy to convict the defendants of racketeering conspiracy.  *See, e.g.*, *United States v. Leoner-Aguirre*, 939 F.3d 310, 317 (1st Cir. 2019) ("Nor must the government prove that the defendant or his co-conspirators committed any overt act in furtherance of the conspiracy.") (citing *Salinas v. United States*, 522 U.S. 52, 63 (1997)).  The only act the government needs to prove—as a matter of sentencing enhancement assuming the jury convicts the defendant of RICO conspiracy in the first instance—is his participation in a murder that would enhance the maximum penalty to life in prison.  The "date, place and a description" of that act is plainly included in the Superseding Indictment.  Indictment, ¶ 13 (alleging that "On or about July 30, 2018, in Lynn, Massachusetts," the defendant and others murdered Herson Rivas).  No bill of particulars is required on this point.

Request 5 seeks detailed information about the "date and place of each sale, purchase or other distribution alleged of controlled substances made in furtherance of the conspiracy," along with multiple other requests about acts of drug trafficking.  Again, this is a RICO conspiracy case, there is no overt act requirement, and the government does not need to prove what the defendant is seeking in this request.  Even if the government had to prove something more about drug trafficking, a bill of particulars would still not be required.  *See, e.g.*, *United States v. Gordon*, No. 15-cr-10304, 2015 WL 7295459, at *1 (D. Mass. Nov. 18, 2015) (in a drug case, holding that "although it is true that the indictment provides very little information regarding the specific type and size of role the defendant is alleged to have played in that three year conspiracy, it does set out the nature of the underlying criminal offense, the relevant time period of the conspiracy, and the identities of the co-conspirators. The First Circuit has held that an indictment providing such information is not so impermissibly vague as to warrant a bill of particulars.") (citing *Hallock*, 941 F.2d at 40).  No bill of particulars is required on this point.

Request 6 seeks information on "the role or roles played by each co-conspirator during the course of the racketeering conspiracy."  It is somewhat unclear what this request is seeking, but in any event, the government only needs to prove the defendant's participation in the conspiracy, not any particular role played by any particular co-conspirator in the conspiracy.  "The First Circuit has repeatedly held that an indictment charging a defendant with conspiracy is sufficiently specific and does not warrant a bill of particulars where it alleges the nature of the underlying criminal offense, the co-conspirators' names, and the dates during which the conspiracy existed."  *United States v. Leo*, 18-cr-00122, 2019 WL 7340135, at *1 (D. Me. Dec. 30, 2019) (collecting cases).  No bill of particulars is required on this point.

Request 7 seeks "the dates and circumstances involving the possession and use of false identification documents" and a variety of other requests about this type of racketeering activity.  As stated above, this is a conspiracy case, and the government does not need to prove particular acts, let alone acts involving the possession and use of false identification documents.  Further, as with many of these requests, discovery about this issue has already been provided. No bill of particulars is required on this point.

Request 8 seeks information about the clique that each defendant was a member of or associated with and the dates of each defendant's membership in each clique.  The Superseding Indictment makes clear that the alleged enterprise is an association of fact involving members and associates of the MS-13 gang, not a particular clique.   The government does not need to prove any defendant's membership in any particular clique.  Even if the government needed to prove such a connection, there are countless references in discovery and prior pleadings showing that Salvador Gutierrez and his co-defendants were members of the Sykos Locos Salvatrucha (also known as Sykos or SLS) clique of MS-13.  No bill of particulars is required on this point.

Requests 9 and 10 seek detailed information about "the leadership, membership and associational structure of each clique," "the manner and means of communication between each clique," the dates and parties to such communications, and the positions and area of responsibility of each participant to such communications.  Again, these requests seek details that are not necessary for the government to prove or necessary for the defendant to prepare a defense.  In any event, the government made information on these issues available to the defense via the detention affidavit and the significant discovery produced in this case.  No bill of particulars is required on these points.

Request 11 seeks a bill of particulars about evidence relating to the autonomy or independence exhibited by each clique, and Request 12 seeks evidence of hostility toward or lack of cooperation by other cliques.  As with the prior requests, these requests also do not deal with issues the government would have to prove at trial or issues that deal with whether or not the indictment provides adequate notice of the charged offense.  No bill of particulars is required on these points.

Request 13 seeks a bill of particulars about the purposes of each clique that each defendant associated himself with and evidence regarding the same.  Similar to many of the prior requests, this request seems to be based on a fundamental misreading of the indictment by the defendant.  As this Court correctly noted when denying the defendant's motion to dismiss, the operative enterprise in this case is MS-13, not a particular clique.  *See, e.g.*, Transcript of Aug. 17, 2020 Hearing at p. 17 ("THE COURT:  I think you're characterizing the enterprise as the Sykos clique, and the government in the indictment alleges that the enterprise is MS-13 nationally and internationally and, therefore, that's the focus...").  Thus, what matters is not the purpose of each clique but the purpose of the MS-13 enterprise, which is summarized in the Superseding Indictment.  Further, information about the MS-13 enterprise, its purpose, its means and methods, etc. has been provided in discovery, including in early *Jencks Act* discovery provided by the government months prior to when it might have otherwise been due.  No bill of particulars is required on this point.

Request 14 seeks information on how the "charged racketeering acts affected interstate and/or international commerce."  This request, too, appears to be based on a misreading or misunderstanding of the indictment.  The charged *racketeering acts* do not need to have any effect on interstate or foreign commerce.  The activities of the charged

*enterprise* need to have a minimal effect on interstate or foreign commerce. As to that point, the indictment adequately alleges the interstate nexus, and the discovery produced in this case has made significant information available to the defense about how the activities of the MS-13 enterprise affected interstate or foreign commerce.[3] No bill of particulars is required on this point.

In sum, whether viewed holistically or on a request-by-request basis, the Court should deny the defendant's motion seeking a bill of particulars in its entirety. At best, some of the defendant's requests may benefit the defendant by giving him greater insight into the particular pieces of evidence that the government may introduce at trial. However, as stated above, a bill of particulars is not a tool to obtain "the government's legal theories," *Stryker*, 2010 WL 2900684, at *3, nor "a résumé of the evidence that the government intends to offer at trial." *Ackerly*, 2017 WL 5484673, at *3.

Importantly, the ultimate "question for the court is not whether the information sought would be beneficial to the defendant, but whether it is *necessary* to his defense." *Gordon*, 2015 WL 7295459, at *1 (emphasis in original) (denying motion for bill of particulars); *United States v. Kenney*, 16-cr-10182, 2016 WL 7045700, at *2 (D. Mass.

---

[3]     For over a year and a half, the government has been producing discovery about the transnational criminal organizations known as MS-13, including significant discovery about the gang's activities and about how those activities may affect interstate or foreign commerce. Evidence produced in discovery includes evidence about the interstate movement of persons as part of the gang's activities, the interstate movement of goods and money, interstate communications between gang members using instrumentalities of interstate commerce, the use of firearms that crossed state lines, the commission of acts such as drug trafficking and robberies that affect interstate commerce, etc. This type of evidence extends not only to the enterprise at large, but also to these defendants in particular. For example, the defendants used the internet and the phone for numerous communications in furtherance of the MS-13 gang, including communications on the day of the murder that they allegedly committed; one of the co-conspirators brought a firearm to the murder that had travelled in interstate commerce; etc.

Dec. 2, 2016) (citing same standard and denying motion); *United States v. Facteau*, 15-cr-10076, 2015 WL 7194683, at *1 (D. Mass. Nov. 16, 2015) (citing same standard and denying motion).  None of the information sought by the defendant is *necessary* to his defense.  Therefore, no bill of particulars is required.

## CONCLUSION

For the reasons above, the defendant's motion for a bill of particulars should be **DENIED**.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Kunal Pasricha
    KUNAL PASRICHA
    PHILIP A. MALLARD
    KAITLIN O'DONNELL
    Assistant United States Attorneys
    District of Massachusetts

## Certificate of Service

I hereby certify that I am filing this document through the ECF system, which will electronically send a copy to the registered participants as identified on the Notice of Electronic Filing.

By: /s/ Kunal Pasricha
    KUNAL PASRICHA
    Assistant United States Attorney
    District of Massachusetts