UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES | ) | Crim. No.  18-10450-MLW |
| | ) | |
| v. | ) | |
| | ) | **FILED UNDER SEAL PURSUANT TO** |
| HENRI SALVADOR GUTIERREZ | ) | **11-9-2020 COURT ORDER (D.I. 451)** |
| | ) | |

**SUPPLEMENTAL REPORT OF SPECIALLY-APPOINTED COUNSEL
FOR DEFENDANT SALVADOR GUTIERREZ**

The undersigned submits this Supplemental Report pursuant to the Court's November 9, 2020 order (Docket No. 451), in which it directed us to summarize under seal the substance of our recent consultations with the defendant Henri Salvador Gutierrez.  In sum, I have explained thoroughly to Mr. Salvador Gutierrez the potential implications of the conflict of interest issues raised by Mr. Gormley's statements regarding the September 14, 2020 mailing that Mr. Salvador Gutierrez received while at the Wyatt Detention Facility ("Mailing").  He appears to have listened attentively and has stated unequivocally that he has no concerns about having Mr. Gormley continue as his counsel in this case.

As noted in the Report, we held three recent video consultations with Mr. Salvador Gutierrez on potential conflict-of-interest issues that have arisen as a result of his receipt of the Mailing.[1]  The first conference, on November 2, 2020, lasted one hour.  I spent approximately 40 minutes of that session discussing the purpose and background for the consultations, including:

- My role as specially-appointed counsel to him, that the attorney-client privilege applied to our conversations, and that they would remain confidential even as to Mr. Gormley unless he instructed me otherwise;

---

[1]     A Spanish-language interpreter who was familiar with the client assisted for each of the videoconferences.

- Review of the Mailing (which I displayed to him), that the Mailing is currently being tested for the presence of K2 or a similar substance, and Mr. Gormley's statements to officials at Wyatt that Mr. Gormley did not send the mailing;

- Mr. Gormley's request to represent Mr. Salvador Gutierrez in the context of the Wyatt disciplinary hearings, his Motion for Injunctive Relief before this Court to that end, and Wyatt's referral to the U.S. Attorney for the District of Rhode Island to determine whether to investigate the Mailing's origin;

- The potential that Mr. Gormley could become a fact witness adverse to Mr. Salvador Gutierrez if the government were to develop evidence that members of MS-13 conspired with Mr. Salvador Gutierrez to send him the Mailing, to the limited extent that he would confirm that he did not author or send the Mailing;

- That Mr. Gormley continues to wish to represent him in the case, and has continued to advocate for him before this Court;

- The Court's desire to ensure that Mr. Salvador Gutierrez understands the nature of the conflict of interest concern and to question him concerning whether he remained comfortable with Mr. Gormley as his lawyer in this case despite any such actual or apparent conflict; and

- That Assistant U.S. Attorney Pasricha was formerly a lawyer with my law firm, Goodwin Procter LLP.

Mr. Salvador Gutierrez confirmed verbally after each point that he understood what I was explaining.  He expressly confirmed that he understood and was comfortable with my acting as his lawyer in this capacity notwithstanding that Mr. Pasricha and I are former colleagues.

For the remainder of the first session and all of the second session, which lasted for approximately 35 minutes – *i.e.* for a total of approximately an hour – I then explained to Mr. Salvador Gutierrez four possible scenarios that had been suggested in which Mr. Gormley's potential role as a fact witness could arguably make him a fact witness in a way that might either create a conflict with Mr. Salvador Gutierrez or otherwise undermine Mr. Salvador Gutierrez's confidence in Mr. Gormley as his lawyer and obtained his response as to each.

First, I explained that in the context of the disciplinary hearing at Wyatt, Mr. Gormley's statements that the September 14 cover letter was counterfeit could be adverse to Mr. Salvador

Gutierrez, particularly since it has led to further inquiry into the Mailing's source.  I explained that Mr. Gormley's statement could potentially contribute to Wyatt ultimately determining that Mr. Salvador Gutierrez conspired with others to arrange for the Mailing to be sent to him and result in discipline.  I asked whether he remained comfortable with Mr. Gormley as his lawyer notwithstanding that Mr. Gormley might be an adverse fact witness to that limited extent.  In response, he at first had difficulty understanding what he was being asked to decide, but ultimately said in substance that he wants Mr. Gormley to remain his lawyer in the case.

Second, I explained that Wyatt referred the matter to the Rhode Island U.S. Attorney after Mr. Gormley contended that Wyatt should get to the bottom of who sent the Mailing.  Thus, depending on the outcome of the Rhode Island investigation, Mr. Gormley unintentionally may have exposed Mr. Salvador Gutierrez to criminal penalties based on the Mailing that he otherwise may not have faced.  I further noted, for perspective, that given the seriousness of the charges before this Court and the potential life sentence he faces here, any exposure on the potential charges in Rhode Island relating to the Mailing may be modest in comparison, but may nonetheless exist.  Mr. Salvador Gutierrez stated that this risk created no concern for him at all.

Third, I explained that the prosecutors in this case have stated that, should they receive evidence that Mr. Salvador Gutierrez conspired with MS-13 members to receive the Mailing, they might seek to offer evidence concerning the Mailing at trial in this case to buttress the government's evidence on one or more elements of the charges, such as participation in the claimed enterprise or interstate activity.  I explained that should the prosecution do so, it could be that Mr. Gormley's denial of any involvement with the Mailing could be known to the jury and could strengthen the government's case here to some degree.  Mr. Salvador Gutierrez stated in

response to my questions that this possibility did not lessen his level of comfort with Mr. Gormley as his lawyer.

Fourth, and relatedly, I explained that if the prosecutors had evidence of his complicity with MS-13 members in connection with the Mailing and did not offer the evidence at trial, they could still seek to use the information at sentencing if he were convicted. I again noted that given the relative seriousness of the present RICO murder charges and any charges arising relating to the Mailing, the latter would likely make little if any difference in his sentence in this case if convicted, but the potential effect at sentencing presents at least a possible concern. Mr. Salvador Gutierrez again said this did not create a concern for him.

Finally, I asked Mr. Salvador Gutierrez why he had not signed the draft affidavit that he and Mr. Gormley had worked on recently in support of his anticipated Motion to Suppress. Mr. Salvador Gutierrez said that he had intended to sign the affidavit but was unable to because authorities recently confiscated all documents from his cell. He remains willing to sign it.

In closing, Mr. Salvador Gutierrez again said he wants to remain with Mr. Gormley as his counsel "100 percent." He further stated he was comfortable with my sharing all of the above information with Mr. Gormley and with the Court.

November 11, 2020

Respectfully submitted,

HENRI SALVADOR GUTIERREZ,

By his attorneys,

/s/ *John J. Falvey Jr.*
John J. Falvey Jr. (BBO# 542674)
Madelaine Cleghorn (BBO# 705226)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
jfalvey@goodwinlaw.com

4

## **CERTIFICATE OF SERVICE**

I, John J. Falvey, Jr., certify that notice of filing this document under seal will be sent by electronic mail to counsel for the government on this day, November 11, 2020.

/s/ John J. Falvey Jr.